IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RAYAR JOHNSON, individually and on
behalf of all others similarly situated**                                                   **PLAINTIFF**

**VS.**                                                   **CASE NO. 3:15-cv-18-MPM-SAA**

**GREEN TREE SERVICING LLC**                                                   **DEFENDANT**

## MEMORANDUM OPINION

Before the court is defendant's motion to dismiss. Having read the briefs and considered relevant law, the court is prepared to rule.

The defendant, Green Tree Servicing LLC ("Green Tree") is a mortgage servicing company. The plaintiff, Rayar Johnson, has a mortgage serviced by Green Tree. Johnson's claim arises out of the force-placed insurance ("FPI") Green Tree acquired on Johnson's home in Buckatunna, Mississippi. Johnson claims Green Tree illegally benefitted from a scheme of unearned "kickbacks" from the insurance company for placing the insurance. Green Tree asserts that Johnson was aware that hazard insurance on the property was required to protect Green Tree's interest in the property, and that if Johnson did not obtain her own hazard insurance, Green Tree would force place insurance on the property. Green Tree also maintains it disclosed to Johnson that the FPI might be more expensive than she would otherwise pay and that the cost of FPI might include commissions to Green Tree from the insurance company.

### Facts

Johnson executed a mortgage on her home in 2005, and in 2013 that mortgage was transferred to Green Tree, at which time Johnson no longer had hazard insurance on the property. Section 5 of the mortgage required Johnson to maintain hazard and flood insurance on the

1

property. If Johnson failed to maintain this insurance coverage, section 5 of the mortgage provided the following:

> If Borrower fails to maintain coverage described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. … Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained.

On June 27, 2013, Green Tree sent Johnson a letter advising her that she did not have adequate hazard insurance. The letter asked for proof of insurance within 45 days, and if adequate insurance was not obtained in that time period, Green Tree "may exercise [its] right to obtain insurance coverage on the collateral to protect [its] interest." The letter continued, in bold face type, "Please note that if we do buy insurance coverage on the collateral, we will do so through an affiliated insurance agency that will earn a commission on the insurance policy." Further the letter warned that the insurance Green Tree would purchase "may be more expensive and provide less protection than insurance you obtain from an insurance agent or company you choose."

On July 30, 2013, Green Tree sent another letter to Johnson with the subject line "**WARNING OF IMPENDING PLACEMENT OF INSURANCE**." This letter reiterated the June letter's warnings, and again stated that Green Tree "may receive compensation for placing this insurance, which is included in the cost of the coverage charged to you." The letter also stated that the insurance premium for the FPI policy would be $1,258.00.

Johnson never provided proof of coverage and on August 15, 2013 Green Tree purchased an FPI policy from American Security Insurance Company. Green Tree sent Johnson a notice of this purchase and again told Johnson that Green Tree purchased the insurance through an affiliated insurance agency and that Green Tree may earn a commission on the insurance policy.

Green Tree again urged Johnson to provide proof of her own insurance, and indicated that, if she did so, the policy Green Tree had acquired would be canceled.

## Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint and raises an issue of law. When reviewing a motion to dismiss, the court "accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 117, 180 (5th Cir. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). This court cannot dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the court to draw on its judicial experience and common sense. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## Analysis

Johnson alleges breach of contract and breach of the duty of good faith and fair dealing arising out of the hazard insurance Green Tree force placed on Johnson's property because of Johnson's failure to obtain hazard insurance. Green Tree first argues that Johnson's claims are barred in their entirety by the filed rate doctrine since the charged rate was first presented to the Mississippi Department of Insurance. The filed rate doctrine provides that "any 'filed-rate' – that is, a rate approved by the governing regulatory agency – is 'per se reasonable and unassailable in judicial proceedings brought by ratepayers.'" *American Bankers' Ins. co. of Fla. v. Wells*, 819

3

So.2d 1196, 1203-04 (Miss. 2001) (quoting *Wegoland Ltd. v. NYNFX Corp.*, 27 F.3d 17, 18 (2d Cir. 1994). The Mississippi Supreme Court has determined:

> The filed rate doctrine is based upon sound considerations of law and judicial policy. A civil juror, who likely has little, if any, expertise in the area of insurance rates and policies, should not be permitted to reject and thereupon impose liability based on the rates of a policy which was expressly approved by the Department of Insurance.

*Wells*, 819 So.2d at 1204 (citing Miss. Code Ann. tit. 83 (1999)).

Plaintiff, however, seeks to avoid the filed rate doctrine by arguing she is not challenging the rates themselves but rather Green Tree's performance under the terms of the mortgage. This semantic recharacterization belies the substance of the claim. Viewed in a most favorable light, the substance of Johnson's claim is that the insurance rates were unreasonable or inappropriate. The rate Green Tree charged Johnson was filed with and approved by the Mississippi Insurance Commission. The approved rate included the alleged "kickbacks" and other costs. Since the rate was approved by the Commission, the rate is *per se* reasonable. This conclusion is consistent with another recent Northern District case, *Singleton v. Wells Fargo Bank*, *N.* No. 2:12CV216-NBB-SAA, 2013 WL 5423917, at *2 (N.D. Miss. Sept. 26, 2013). Therefore, this court finds that Johnson's claims are barred by the filed rate doctrine and will be dismissed.

In addition to being barred by the filed rate doctrine, the court also finds that Johnson has failed to state a claim for breach of contract or bad faith. The mortgage instrument required Johnson to acquire hazard insurance. Nothing in the mortgage instrument prohibits Green Tree from earning commissions from FPI. Green Tree repeatedly admonished Johnson to acquire hazard insurance and warned of the consequences of not doing so. Green Tree disclosed the nature and cost of the insurance it would force place on the property and further disclosed that Green Tree may earn a commission on the insurance. Based on the complaint, a reasonable jury could not find Green Tree either breached the contract or acted in bad faith towards Johnson.

4

For the foregoing reasons, defendant Green Tree's motion to dismiss [7] will be GRANTED. A separate judgment in accord with this opinion will issue this day.

So ORDERED this the 22nd day of May, 2015

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**